SHEPPARD MULLIN RICHTER & HAMPTON LLP
JILL M. PIETRINI (Cal. Bar No. 138335)
PAUL A. BOST (Cal. Bar No. 261531)
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:   310.228.3700
Facsimile:   310.228.3701
Email:        jpietrini@sheppardmullin.com
              pbost@sheppardmullin.com

*Attorneys for Plaintiff* GUNS N' ROSES

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| GUNS N' ROSES, a California partnership,<br><br>                    Plaintiff,<br><br>          v.<br><br>JERSEY VILLAGE FLORIST, LLC, a Texas Limited Liability Company<br><br>                    Defendant. | Case No. 2:22-cv-08728<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114;**<br>**(2) FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a);**<br>**(3) TRADEMARK DILUTION, 15 U.S.C. § 1125(c);**<br>**(4) COMMON LAW TRADEMARK INFRINGEMENT;**<br>**(5) UNFAIR COMPETITION, CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*;**<br>**(6) COMMON LAW UNFAIR COMPETITION;**<br>**(7) CANCELLATION OF TRADEMARK REGISTRATION – FALSE SUGGESTION; AND**<br>**(8) CANCELLATION OF TRADEMARK REGISTRATION – ABANDONMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Guns N' Roses ("GNR") for its Complaint against Defendant Jersey Village Florida, LLC ("Defendant") alleges as follows:

## JURISDICTION AND VENUE

1.　　This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, and California statutory and common law. The Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over claims arising under California law because all of the claims herein arise out of a common nucleus of facts.

2.　　Venue is proper under 28 U.S.C. § 1391(b) because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendant does business and is subject to personal jurisdiction in this District.

## THE PARTIES

3.　　GNR is a musical group and partnership organized and existing under the laws of the state of California with its principal place of business in Los Angeles, California. GNR's general partners are W. Axl Rose ("Axl Rose"), Saul Hudson, pka Slash, and Michael "Duff" McKagan.

4.　　Upon information and belief, Defendant is a Texas limited liability company with its principal place of business Houston, Texas and does business in this District and/or in other parts of California.

## FACTUAL BACKGROUND

**A.　GNR's Three-Plus Decades of Worldwide Success Under the Famous GUNS N' ROSES Trademark**

5.　　In 1984, GNR's co-founders Tracii Guns and Axl Rose combined their respective bands "LA Guns" and "Hollywood Rose" and surnames "Guns" and "Rose" to form the band "Guns N' Roses." Since its formation, GNR has achieved

national and international renown as one of the greatest, and most commercially and critically successful, bands of all time.

6.     GNR's debut studio album, *Appetite for Destruction*, was released in 1987.  On the strength of its famous and iconic songs, including "Welcome to the Jungle," "Sweet Child O' Mine," and "Paradise City," *Appetite for Destruction* reached number one on the *Billboard* 200, *Billboard* magazine's chart ranking the 200 best-selling albums in the United States, in 1988.

7.     Since its release, *Appetite for Destruction* has sold at least 30 million copies worldwide.  This includes at least 18 million copies sold in the United States, which makes *Appetite for Destruction* one of the best-selling debut albums, and one of the best-selling albums period, of all time in the United States.  Among other critical accolades, *Appetite for Destruction* was ranked number 62 on *Rolling Stone*'s list of the 500 Greatest Albums of All Time and number 42 on VH1's list of the best 100 albums in rock and roll history, and has been repeatedly hailed by music critics and fans as one of greatest rock and roll albums of all time.

8.     GNR's subsequent studio albums and compilations – including, but not limited to, *G N' R Lies* (1988), *Use Your Illusion I* (1991), *Use Your Illusion II* (1991), *The Spaghetti Incident* (1993), *Live Era '87-'93* (1999), *Greatest Hits* (2004), and *Chinese Democracy* (2008) – have sold, at least, 25 million copies collectively in the United States alone since their release.  As with *Appetite for Destruction*, each of GNR's subsequent studio albums has been the subject of critical praise in publications such as *Entertainment Weekly*, *Rolling Stone*, *Los Angeles Times*, *Chicago Tribune,* and *Spin*.

9.     In addition to and in connection with its recorded musical output, GNR has created some of the most iconic and popular music videos of all-time.  As of November 30, 2022, the official music videos for GNR songs "Welcome to the Jungle," "Paradise City," "Sweet Child O' Mine," and "November Rain" have been collectively viewed nearly 4.7 billion times on YouTube.  The excellence of GNR's

music videos has been widely acknowledged, including by seminal music television channel MTV when it awarded GNR a Video Vanguard Award to recognize GNR's accomplishments in music and film.

10.    GNR, and its recorded music and music videos, have been nominated for and won numerous awards including American Music Awards (eight nominations and four wins), Billboard Music Awards (six nominations and one win), Grammy Awards (four nominations), and MTV Video Music Awards (nine nominations and four wins).

11.    GNR's live performances, in the United States and abroad, have also been massively successful.  In addition to performing and touring with some of the greatest acts in popular music's history – including Metallica and Aerosmith – GNR has headlined national and international tours that have been attended by millions of people and earned hundreds of millions of dollars.  By way of example, GNR's *Not in This Lifetime… Tour* – which ran from April 2016 to December 2018, included more than 150 shows in the United States and worldwide, and featured a headlining performance at the world-famous Coachella Festival – grossed more than $563 million, making it one of the highest-grossing tours of all time.  Among other accolades, GNR's *Not in This Lifetime… Tour* won "Top Tour/Top Draw" at the 2017 Billboard Touring Awards, nominated for "Top Rock Tour" at the 2017 Billboard Music Awards, and was awarded the inaugural Ticketmaster Touring Milestone Award in 2019.

12.    Due to its more than three decades of musical excellence and success, GNR was inducted into the Rock & Roll Hall of Fame in 2012 – its first year of eligibility for induction – taking its place alongside music legends such as James Brown, Ray Charles, Elvis Presley, Aretha Franklin, The Beatles, Bob Dylan, The Rolling Stones, Stevie Wonder, Bob Marley, Metallica, Johnny Cash, The Jimi Hendrix Experience, Led Zeppelin, Queen, The Ramones, and Prince.

13.    Given GNR's fame and renown, GNR and its music have been the subject of considerable press and public comment over the course of its almost four-

decade existence, including countless articles in world-famous magazines like *Rolling Stone*, and hundreds of books, television shows, and films.  GNR and its music have also been prominently featured in television shows, films (including the blockbuster *Terminator 2: Judgment Day*), and video games such as *Guitar Hero*.

14.     GNR, itself or through its licensees, has also successfully offered to sell and sold a variety of "Guns N' Roses"-branded products to consumers.  This includes, but is not limited, clothing, slot machines, protective face masks, furniture, hats, patches, stickers, buttons, glassware, watches, backpacks, and bandannas, an item uniquely associated with GNR and its co-founder and lead singer Axl Rose, who has famously worn bandannas for decades.

15.     GNR is the owner of the following incontestable federal trademark registrations of the mark GUNS N' ROSES issued by the U.S. Patent and Trademark Office ("PTO"), true and correct copies of which are attached hereto as **Exhibit A**:

| <u>Reg. No.</u> | <u>Class and Goods/Services</u> | <u>Reg. Date</u> |
|---|---|---|
| 1,762,599 | Class 9:  Prerecorded video and audio tapes, prerecorded phonograph records and prerecorded compact discs all featuring music. | April 6, 1997 |
| 1,766,309 | Class 41:  Entertainment services; namely, performances by a musical group. | April 20, 1993 |
| 2,035,815 | Class 25:  Clothing, namely, T-shirts, shirts, hats, caps, bandannas, sweatpants, and thermal shirts | February 4, 1997 |

16.     By virtue of its and its licensees' use of the GUNS N' ROSES mark over the course of nearly four decades, there are also common law rights in the GUNS N' ROSES mark for a broad range of goods and services including, but not limited to, the goods and services identified herein.

17.     GNR and/or persons or entities acting on its behalf and direction and/or with its consent have undertaken significant efforts to market GNR and its marks, music, live performances, and merchandise through various channels including, but not limited to, traditional media and social media.  GNR's *Not in This Lifetime… Tour*

was marketed throughout the United States and abroad in various channels including television, radio, print, and online.  GNR's social media following evidences the success of these (and other) efforts undertaken over the course of thirty years.  As of November 30, 2022, GNR's official Facebook page (available at the domain <facebook.com/gunsnroses>) has more 29 million Followers, official Instagram account (available at the domain <instagram.com/gunsnroses>) has more than 6.4 million Followers, and official Twitter account (available at the domain <twitter.com/gunsnroses>) has more than 6.4 million Followers.

18.    GNR has policed unauthorized uses of the GUNS N' ROSES trademark and marks similar thereto by, *inter alia*, sending cease and desist letters, instituting proceedings before the PTO's Trademark Trial & Appeal Board ("TTAB"), and filing lawsuits for trademark infringement.

19.    The N' in GUNS N' ROSES is short for, and commonly understood as an abbreviation of, "and."   Notably, the search query "guns and roses" on Google elicits results for "guns n' roses."   A true and correct copy of a printout of these Google search results is attached hereto as **Exhibit B**.

**B.    Defendant and its Infringing Activities**

20.    On information and belief, Defendant, under the names and trademarks TEXAS GUNS AND ROSES, TEXAS GUNS AND ROSES.COM, and TEXAS GUNS AND ROSES.COM & Design (as depicted below) (collectively, "Defendant's Marks"), operates a physical retail store and online retail store on the domain name <texasgunsandroses.com> (the "Website") that primarily sells firearms and firearm accessories, such as ammunition, scopes, body armor, suppressors, and metal safes, and also sells clothing and backpacks.



A true and correct printout of pages from the Website is attached hereto as **Exhibit C**.

-5-

21.     On October 31, 2014, Defendant filed an application to register the mark TEXAS GUNS AND ROSES.COM & Design.  On November 8, 2016, the PTO registered TEXAS GUNS AND ROSES.COM & Design for "metal safes" in Class 6 and "Retail store services and online retail store services in the field of outdoor hunting equipment, including handguns, rifles, shotguns, suppressors, knives and multi-tools, holsters, magnified optics, mounts, binoculars, gun safes, magazines, and other related accessories" in Class 35.  Defendant expressly disclaimed the exclusive right to use TEXAS in Class 6, TEXAS GUNS in Class 35, and .com in Classes 6 and 35.  A true and correct copy of the certificate of registration of TEXAS GUNS AND ROSES.COM & Design. Reg. No. 5,078,499, is attached hereto as **Exhibit D**.

22.     Defendant uses Defendant's Marks without GNR's approval, license, or consent.

23.     In light of the equivalency of N' and AND, Defendant's Marks incorporate the GUNS N' ROSES mark in its entirety, with the exception that Defendant uses the descriptive and disclaimed term TEXAS and, on occasion, the descriptive and disclaimed term .COM.

24.     On information and belief, Defendant selected and adopted Defendant's Marks for the purpose of confusing consumers into believing that it was connected or associated with, or licensed by, GNR.

25.     On information and belief, Defendant purports to sell roses and other flowers under Defendant's Marks.  This is a contrivance to purportedly justify Defendant's wholesale appropriation of the GUNS N' ROSES mark.  Notably, Defendant has not sought registration of any of Defendant's Marks for any goods or services related to flowers, and Defendant does not prominently market flowers for sale on its Website.

26.     GNR became aware of Defendant's use and registration of Defendant's Marks in or around October 2019.  On or around February 20, 2020, GNR sent Defendant a letter requesting that it, *inter alia*, cease and desist from using

Defendant's Marks and voluntarily cancel its registration of TEXAS GUNS AND ROSES.COM & Design.  A true and correct copy of this letter is attached hereto as **Exhibit E**.  Receiving no response or acknowledgement from Defendant, GNR sent a follow-up letter to Defendant on May 12, 2020.  A true and correct copy of this letter, without enclosures, is attached hereto as **Exhibit F**.  Again, GNR received no response or acknowledgement of receipt from Defendant.

27.    On or around November 5, 2021, GNR filed with the TTAB a petition to cancel Defendant's registration of TEXAS GUNS AND ROSES.COM & Design on the grounds that the registered mark is likely to cause confusion with the GUNS N' ROSES mark, falsely suggested a connection with GNR, and was likely to dilute the GUNS N' ROSES mark.  A true and correct copy of the petition for cancellation, without enclosures,  is attached hereto as **Exhibit G**.  The petition for cancellation was assigned Cancellation No. 92-078395.

28.    Notwithstanding GNR's cease and desist letters and commencement of the TTAB proceeding, Defendant has continued to use Defendant's Marks and intentionally trade on GNR's goodwill, prestige, and fame without GNR's approval, license, or consent.  This is particularly damaging to GNR given the nature of Defendant's business.  GNR, quite reasonably, does not want to be associated with Defendant, a firearms and weapons retailer.  Furthermore, Defendant espouses political views related to the regulation and control of firearms and weapons on the Website that may be polarizing to many U.S. consumers.

## **FIRST CAUSE OF ACTION**

### **(Trademark Infringement in Violation of 15 U.S.C. §§ 1114)**

29.    GNR repeats and realleges each and every allegation of Paragraphs 1 through 28, above, as though fully set forth herein.

30.    The mark GUNS N' ROSES is valid at common law and is the subject of three incontestable federal registrations of the mark for a variety of goods and services.

31.   Defendant has used in commerce, without permission or authorization, the GUNS N' ROSES mark or marks confusingly similar thereto – specifically, Defendant's Marks – in a manner that is likely to cause confusion with respect to the source and origin of Defendant's goods and services and is likely to cause confusion or mistake and to deceive purchasers as to GNR's affiliation, connection, or association with, or approval or sponsorship of, Defendant, its business, and/or its goods.

32.   Defendant's acts constitute infringement of the GUNS N' ROSES trademark in violation of 15 U.S.C. § 1114.

33.   As a direct and proximate result of Defendant's wrongful acts, GNR has suffered and continues to suffer and/or is likely to suffer damage to the GUNS N' ROSES trademark, and to its business reputation and goodwill.  Defendant will continue to use, unless restrained, the GUNS N' ROSES mark or marks confusingly similar thereto, and will cause irreparable damage to GNR.  GNR has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

34.   GNR is further entitled to recover from Defendant the actual damages that GNR has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts.

35.   GNR is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.

36.   Due to the willful nature of Defendant's wrongful acts, GNR is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

37.   Pursuant to 15 U.S.C. § 1117, GNR is also entitled to its costs of suit, and to recover its reasonable attorneys' fees because this is an exceptional case.

38.     Pursuant to 15 U.S.C. § 1119, GNR is also entitled to cancellation of Defendant's registration of TEXAS GUNS AND ROSES.COM & Design. Reg. No. 5,078,499.

### SECOND CAUSE OF ACTION

**(False Designation of Origin and Association in**

**Violation of 15 U.S.C. § 1125(a))**

39.     GNR repeats and realleges each and every allegation of paragraphs 1 through 38, above, as though fully set forth herein.

40.     Defendant's unauthorized use of the GUNS N' ROSES mark or marks confusingly similar thereto – specifically, Defendant's Marks – in conjunction with Defendant's business, Defendant's false designation of origin, and Defendant's false and misleading descriptions and representations of fact, as alleged herein, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with GNR, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by GNR in violation of 15 U.S.C. § 1125(a).

41.     As a direct and proximate result of Defendant's wrongful acts, GNR has suffered and continues to suffer and/or is likely to suffer damage to the GUNS N' ROSES trademark and trade name, and its business reputation and goodwill. Defendant will continue, unless restrained, to conduct its business and offer products using the GUNS N' ROSES mark or other trademarks confusingly similar thereto and will cause irreparable damage to GNR.  GNR has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin or association.

42.     GNR is further entitled to recover from Defendant the actual damages GNR has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts.  GNR is presently unable to ascertain the full extent of the monetary

damages they have suffered and/or is likely to sustain by reason of Defendant's acts of false designation of origin or affiliation.

43.     GNR is further entitled to recover from Defendant the gains, profits, and advantages Defendant has obtained as a result of its wrongful acts.  GNR is presently unable to ascertain the extent of the gains, profits, and advantages Defendant has realized by reason of its acts of false designation of origin or affiliation.

44.     Due to the willful nature of Defendant's wrongful acts, GNR is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

45.     Pursuant to 15 U.S.C. §1117, GNR is also entitled to its costs of suit, and to recover its reasonable attorneys' fees because this is an exceptional case.

46.     Pursuant to 15 U.S.C. § 1119, GNR is also entitled to cancellation of Defendant's registration of TEXAS GUNS AND ROSES.COM & Design. Reg. No. 5,078,499.

## THIRD CAUSE OF ACTION

### (Trademark Dilution in Violation of 15 U.S.C.§ 1125(c))

47.     GNR repeats and realleges each and every allegation of Paragraphs 1 through 46, above, as though fully set forth herein.

48.     GNR began using the GUNS N' ROSES mark before Defendant's first use of any of Defendant's Marks.  The GUNS N' ROSES mark is inherently distinctive and has acquired distinction through GNR's extensive, continuous, and substantially exclusive use of it.

49.     The GUNS N' ROSES mark is famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127 and, furthermore, became famous before Defendant's first use of any of Defendant's Marks.

50.     Defendant's use of Defendant's Marks is likely to dilute by blurring the distinctive quality of the GUNS N' ROSES mark in violation of 15 U.S.C. § 1125(c).

1    51.    Defendant's use of Defendant's Marks is also likely to dilute by

2    tarnishment the reputation of the GUNS N' ROSES mark in violation of 15 U.S.C.

3    § 1125(c).

4    52.    Defendant's acts complained of herein are likely to damage GNR

5    irreparably.  GNR has no adequate remedy at law for such wrongs and injuries.  The

6    damage to GNR includes harm to the GUNS N' ROSES trademark and trade name,

7    and to its goodwill and reputation that money cannot compensate.  GNR is therefore

8    entitled to a preliminary and permanent injunction enjoining Defendant's use of

9    Defendants' Marks, the GUNS N' ROSES mark, or any marks likely to dilute the

10   GUNS N' ROSES mark in connection with the promotion, advertisement, and sale of

11   any goods or services offered by Defendant.

12   53.    Due to the willful nature of Defendant's actions, GNR is further entitled

13   to recover from Defendant the actual damages sustained by GNR as a result of

14   Defendant's wrongful acts.  GNR is presently unable to ascertain the full extent of the

15   monetary damages they have suffered by reason of Defendant's acts of dilution.

16   54.    Due to the willful nature of Defendant's actions, GNR is further entitled

17   to recover from Defendant the gains, profits, and advantages Defendant has obtained

18   as a result of its wrongful acts.  GNR is presently unable to ascertain the extent of the

19   gains, profits, and advantages Defendant has realized by reason of its willful acts of

20   dilution.

21   55.    Pursuant to 15 U.S.C. § 1117, GNR is also entitled to its costs of suit, to

22   recover its reasonable attorneys' fees because this is an exceptional case.

23   56.    Pursuant to 15 U.S.C. § 1119, GNR is also entitled to cancellation of

24   Defendant's registration of TEXAS GUNS AND ROSES.COM & Design. Reg. No.

25   5,078,499.

26

27

28

**FOURTH CAUSE OF ACTION**

**(Common Law Trademark and Trade Name Infringement)**

57.     GNR repeats and realleges each and every allegation of Paragraphs 1 through 56, above, as though fully set forth herein.

58.     Defendant has used in commerce, without GNR's permission or authorization, the GUNS N' ROSES mark and trade name or marks and trade names confusingly similar thereto – specifically, Defendant's Marks – in a manner that is likely to cause confusion with respect to the source and origin of Defendant's goods and services, and is likely to cause confusion or mistake and to deceive purchasers as to GNR's affiliation, connection, or association with, or approval or sponsorship of, Defendant, its business, and/or its goods and services.

59.     Defendant's acts constitute infringement of the GUNS N' ROSES mark and trade name in violation of the common law.

60.     As a direct and proximate result of Defendant's wrongful acts, GNR has suffered and continues to suffer and/or is likely to suffer damage to the GUNS N' ROSES trademark and trade name, and to its business reputation and goodwill. Defendant will continue to use, unless restrained, the GUNS N' ROSES mark and trade name or marks and trade names confusingly similar thereto, and will cause irreparable damage to GNR.  GNR has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

61.     GNR is further entitled to recover from Defendant the actual damages GNR has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts.

62.     GNR is further entitled to recover from Defendant the gains, profits, and advantages Defendant has obtained as a result of its wrongful acts.

-12-

63.     Upon information and belief, Defendant has engaged in the conduct alleged above with oppression, fraud, and malice.  Accordingly, GNR is entitled to an award of punitive damages pursuant to Cal. Civ. Code § 3294 in an amount to be proved at trial.

### **FIFTH CAUSE OF ACTION**

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

64.     GNR repeats and realleges each and every allegation of Paragraphs 1 through 63, above, as though fully set forth herein.

65.     By reason of the foregoing, Defendant has been, and is, engaged in unlawful business practices in violation of §§ 17200 *et seq*. of the California Bus. & Prof. Code.

66.     Defendant's acts complained of herein have injured and will continue to injure GNR irreparably.  GNR has no adequate remedy at law for these wrongs and injuries.  The injury to GNR includes harm to the GUNS N' ROSES mark and trade name, and to its goodwill and reputation in the marketplace that money cannot compensate.  GNR is therefore entitled to:

(a)     injunctive relief restraining and enjoining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting thereunder, in concert with, or on its behalf, from using the GUNS N' ROSES mark and trade name or any mark, name, symbol, or logo which is confusingly similar thereto, in connection with the marketing or sale of any goods or services by Defendant; and

(b)     restitution of Defendant's profits earned from its unauthorized use of the GUNS N' ROSES mark and trade name or any mark, name, symbol, or logo which is confusingly similar thereto, in which profits GNR has a vested interest.

# SIXTH CAUSE OF ACTION

## (Common Law Unfair Competition)

67.     GNR repeats and realleges each and every allegation of Paragraphs 1 through 66, above, as though fully set forth herein.

68.     GNR invested substantial time and money in the development of the GUNS N' ROSES mark and trade name.

69.     Defendant used the GUNS N' ROSES mark and trade name or marks and trade names confusingly similar thereto – specifically, Defendant's Marks – to build its business and/or pass off its products and services as GNR's or associated with GNR without GNR's authorization.

70.     Defendant passed off its goods and services offered under the GUNS N' ROSES mark or marks confusingly similar thereto – specifically, Defendant's Marks – in a manner likely to cause confusion as to the source of Defendant's goods or services or as to GNR's association or affiliation with, or sponsorship of, Defendant's goods or services.

71.     As a direct and proximate result of Defendant's wrongful acts, GNR has suffered and continues to suffer and/or is likely to suffer damage to the GUNS N' ROSES trademark and trade name, and to its business reputation and goodwill. Defendant will continue, unless restrained, to pass off its business as GNR's and to conduct its business and offer goods and services using the GUNS N' ROSES mark and trade name or other trademarks and trade names confusingly similar thereto and will cause irreparable damage to GNR.  GNR has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of unfair competition.

72.     GNR is further entitled to recover from Defendant the actual damages GNR has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts.  GNR is presently unable to ascertain the full extent of the monetary

1   damages they have suffered and/or are likely to sustain by reason of Defendant's acts

2   of unfair competition.

3       73.    GNR is further entitled to recover from Defendant the gains, profits, and

4   advantages Defendant has obtained as a result of its wrongful acts.  GNR is presently

5   unable to ascertain the extent of the gains, profits, and advantages Defendant has

6   realized by reason of its acts of unfair competition.

7       74.    Upon information and belief, Defendant has engaged in the conduct

8   alleged above with oppression, fraud, and malice.  Accordingly, GNR is entitled to an

9   award of punitive damages pursuant to Cal. Civ. Code § 3294 in an amount to be

10  proved at trial.

**SEVENTH CAUSE OF ACTION**

**(Cancellation of Trademark Reg. No. 5,078,499 –**

**False Suggestion of a Connection –  15 U.S.C. § 1119)**

14      75.    GNR repeats and realleges each and every allegation of Paragraphs 1

15  through 74, above, as though fully set forth herein.

16      76.    TEXAS GUNS AND ROSES.COM & Design is nearly identical, or at

17  a minimum very similar, to the name and trademark GUNS N' ROSES, which was

18  previously used by and associated with GNR.  The name and mark GUNS AND

19  ROSES is recognized as such, in that it uniquely and unmistakably points to GNR.

20  GNR is not connected with the products or services sold or offered by Defendant

21  under the TEXAS GUNS AND ROSES.COM & Design mark.  The fame and

22  reputation of GNR is of such a nature that a connection with GNR is presumed

23  when the TEXAS GUNS AND ROSES.COM & Design mark is used for or with

24  Defendant's goods and services.

25      77.    Consequently, Defendant's registration TEXAS GUNS AND

26  ROSES.COM & Design falsely suggests a connection with GNR and should be

27  canceled.

28

**EIGHTH CAUSE OF ACTION**

**(Cancellation of Trademark Reg. No. 5,078,499 –**

**Abandonment, 15 U.S.C. § 1119)**

78.     GNR repeats and realleges each and every allegation of Paragraphs 1 through 77, above, as though fully set forth herein.

79.     On information and belief, Defendant is not currently using TEXAS GUNS AND ROSES.COM & Design as a brand for metal safes and has not done so for more than three consecutive years, thereby demonstrating a prima facie case of abandonment under 15 U.S.C. § 1127.  Defendant has no intent to resume use of TEXAS GUNS AND ROSES.COM & Design on or for metal safes.  Alternatively, if Defendant is currently using TEXAS GUNS AND ROSES.COM & Design for metal safes, it had, before resuming use, ceased use of TEXAS GUNS AND ROSES.COM & Design for metal safes in the U.S. for more than three consecutive years, thereby demonstrating a prima facie case of abandonment under 15 U.S.C. § 1127.  At best, Defendant sells metal safes on the Website and, thus, may be using TEXAS GUNS AND ROSES.COM & Design for online retail store services in the field of metal safes, but not as a brand of metal safes.

80.     As a result, Defendant has abandoned the TEXAS GUNS AND ROSES.COM & Design mark for metal safes and Defendant's registration should be canceled for these goods in Class 6.

**PRAYER FOR RELIEF**

WHEREFORE, GNR prays that this Court enter judgment against Defendant as follows:

1.     Finding that Defendant has:  infringed the GUNS N' ROSES trademark under 15 U.S.C. § 1114 and the common law; infringed the GUNS N' ROSES trade name under the common law; violated 15 U.S.C. § 1125(a); diluted the GUNS N' ROSES trademark under 15 U.S.C. § 1125(c); violated Cal. Bus. & Prof. Code §

17200 by engaging in unlawful business practices; and committed unfair competition under the common law;

2.  Ordering that Defendant and, as applicable, its officers, agents, servants, directors, employees, servants, partners, representatives, assigns, successors, related companies, and attorneys and all persons in active concert or participation with Defendant or with any of the foregoing be enjoined preliminarily during the pendency of this action and permanently thereafter from:

(a)  Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services offered under Defendant's Marks, the GUNS N' ROSES mark and trade name, or any other mark, name, symbol, or logo, which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any goods or services that Defendant caused to enter the stream of commerce or any of Defendant's commercial activities are sponsored or licensed by GNR, are authorized by GNR, or are connected or affiliated in some way with GNR or the GUNS N' ROSES mark and trade name;

(b)  Manufacturing, transporting, promoting, importing, advertising, publicizing, distributing, offering for sale, or selling any goods or services offered under Defendant's Marks, the GUNS N' ROSES mark and trade name, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the GUNS N' ROSES mark and trade name;

(c)  Implying GNR's approval, endorsement, or sponsorship of, or affiliation or connection with, Defendant's goods, services, or commercial activities, passing off Defendant's products as that of GNR's, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with GNR and from otherwise interfering with or injuring the GUNS N' ROSES mark and trade name or the goodwill associated therewith;

(d)  Engaging in any act which is likely to dilute the distinctive quality of the GUNS N' ROSES mark;

(e)    Representing or implying that Defendant is in any way sponsored by, affiliated with, or licensed by GNR; and

(f)    Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in Paragraphs 2(a) to (e) above;

3.    Ordering that Defendant be required to deliver to GNR for destruction any and all products, merchandise, digital files, packaging, printed graphics, promotional materials, business cards, signs, labels, advertisements, flyers, circulars, and any other items in any of its possession, custody, or control bearing Defendant's Marks, the GUNS N' ROSES mark and trade name, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the GUNS N' ROSES mark and trade name;

4.    Ordering that Defendant be required to recall and deliver to GNR for destruction any and all products bearing Defendant's Marks or the GUNS N' ROSES mark and trade name from retailers or distributors to which it sold such products;

5.    Granting an award of damages suffered by GNR according to proof at the time of trial;

6.    Ordering that Defendant account to GNR for any and all profits earned as a result of Defendant's acts in violation of GNR's rights under the Lanham Act and the common law;

7.    Granting an award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

8.    Ordering restitution of Defendant's profits earned from its unauthorized use of the GUNS N' ROSES mark and trade name or any mark, name, symbol, or logo which is confusingly similar thereto, in which profits GNR has a vested interest, pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*;

9.    Ordering the cancellation of Defendant's registration of TEXAS GUNS AND ROSES.COM & Design, Reg. No. 5,078,499;

-18-

10. Granting an award of punitive damages for the willful and wanton nature of Defendant's aforesaid acts under the common law;

11. For pre-judgment interest on any recovery by GNR;

12. Granting an award of GNR's costs, expenses, and reasonable attorneys' fees; and

13. Granting such other and further relief as is just and proper.

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated:  December 1, 2022

By:   /s/Jill M. Pietrini
Jill M. Pietrini
Paul A. Bost

*Attorneys for Plaintiff* GUNS N' ROSES

SMRH:4859-6847-5962.3

-19-

1

## __JURY DEMAND__

2       GNR demands a trial by jury of all issues triable by jury.

3                   Respectfully submitted,

4                   SHEPPARD MULLIN PRICHTER & HAMPTON LL

5

6 Dated:  December 1, 2022     By:   /s/Jill M. Pietrini

7                            Jill M. Pietrini
                              Paul A. Bost

8

9                     *Attorneys for Plaintiff* GUNS N' ROSES

10 SMRH: 4859-6847-5962.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-20-