**UNITED STATES DISTRICT COURT**  
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 22-8728-JFW(SHKx)** | Date: June 6, 2023 |

Title: Guns N' Roses -v- Jersey Village Florist, LLC

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR ALTERNATIVELY, MOTION TO TRANSFER VENUE [filed 5/8/2023; Docket No. 25]

On May 8, 2023, Defendant PAX Operations, LLC f/k/a Jersey Village Florist, LLC ("Defendant" or "PAX") filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or Alternatively, Motion to Transfer Venue ("Motion").  On May 15, 2023, Plaintiff Guns N' Roses ("Plaintiff") filed its Opposition.  On May 22, 2023, Defendant filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's June 5, 2023 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a nationally and internationally renowned musical group based in Los Angeles, California.  Docket No. 13, ¶¶ 3, 5.  Plaintiff is the owner of incontestable trademark registrations of the mark GUNS N' ROSES issued by the U.S. Patent & Trademark Office ("PTO").  *Id.*, ¶ 15, Ex. A.

Defendant is a Texas limited liability company with a principal place of business in Houston, Texas.  Docket No. 25-1, ¶ 3.  Defendant, under the names and trademarks TEXAS GUNS AND ROSES, TEXAS GUNS AND ROSES.COM, and TEXAS GUNS AND ROSES.COM & Design (collectively, the "TEXAS GUNS AND ROSES Marks"), operates a physical retail store in the State of Texas and an online retail store on <www.texasgunsandroses.com> (the "Website") that sells

firearms and firearm accessories, including ammunition, scopes, body armor, suppressors, and metal safes, and also sells clothing and backpacks.  Docket No.1, ¶ 20.  On November 8, 2016, Defendant obtained a trademark registration of TEXAS GUNS AND ROSES.COM & Design from the PTO for "metal safes" in Class 6 and "Retail store services and online retail store services in the field of outdoor hunting equipment, including handguns, rifles, shotguns, suppressors, knives and multi-tools, holsters, magnified optics, mounts, binoculars, gun safes, magazines, and other related accessories" in Class 35.  Docket No. 13, ¶ 21, Ex. D.

Defendant does not own any buildings or operate any physical stores in the State of California, has never been licensed or registered to conduct business in the State of California, has never employed anyone residing in the State of California, does not maintain any California-based bank accounts within the State of California, has never directed any advertisements to the State of California, and does not knowingly work with vendors residing or conducting business in California.  Docket No. 25-1, ¶¶ 8-9.  Notably, none of Defendant's sales through the <http://texasgunsandroses.com> website or in conjunction with the TEXAS GUNS AND ROSES Marks have been made to any residents or customers located in the State of California.  Docket No. 25-1, ¶ 7.  Defendant, however, identifies certain firearms offered for sale on the Website as "California Compliant," "California Legal," and similar such terms.  Docket No. 31, ¶ 3, Ex. A.  Defendant also identifies certain firearms offered for sale on the Website -- namely, lightweight semi-automatic rifles manufactured by Sons of Liberty Gun Works -- as having a "Compmag Compliant Magazine."  Dkt. 31, ¶ 5, Ex. B.  A "Compmag Compliant Magazine" is a fixed magazine that purportedly renders a semi-automatic rifle compliant with California laws banning assault weapons.  Dkt. 31, ¶ 6, Exs. C, D.  Searches of these terms - e.g., "California," "CA," and "Compmag" - on the Website elicit listings for these products.  *Id.*

On December 1, 2022, Plaintiff filed this action against Defendant.  In its First Amended Complaint filed on February 28, 2023, Plaintiff alleges the following claims for relief against Defendant:  (1) trademark infringement, 15 U.S.C. § 1114; (2) false designation of origin, 15 U.S.C. § 1125(a); (3) trademark dilution, 15 U.S.C. § 1125(c); (4) common law trademark infringement; (5) unfair competition, Cal. Bus. & Prof. Code §§ 17200, et seq.; (6) common law unfair competition; (7) cancellation of trademark registration - false suggestion of a connection, 15 U.S.C. § 1119; and (8) cancellation of trademark registration - abandonment, 15 U.S.C. § 1119.  Dkt. 13.

Defendant moves to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3).  In the alternative, Defendant moves for an order transferring venue of this action to the United States Federal District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1406(a).  Because the Court concludes that it lacks personal jurisdiction over Defendant, it need not address Defendant's motion to dismiss for improper venue or motion to transfer venue.

## II.     LEGAL STANDARD

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may decide a question of personal jurisdiction on the basis of affidavits and documentary evidence submitted by the parties, or may hold an evidentiary hearing on the matter.  *See* 5A Wright & Miller, Federal Practice and Procedure, § 1351, at pp. 253-59 and n. 31-35 (2d ed. 1990); *Rose v. Granite City Police Dept.*, 813 F. Supp. 319, 321 (E.D. Pa. 1993).  Whichever procedure is used, the plaintiff bears the burden of establishing that jurisdiction is proper.  *See Ziegler v. Indian River County*, 64

F.3d 470, 473 (9th Cir. 1995); *Flynt Distributing Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984). In this case, the pleadings, declarations and documentary evidence submitted by the parties provide an adequate basis for evaluating jurisdiction. Accordingly, no evidentiary hearing is necessary.

Because this matter is being decided on the basis of affidavits and documentary evidence, Plaintiff needs to only make a prima facie showing of personal jurisdiction. *See Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). All allegations in Plaintiff's Complaint must be taken as true, to the extent not controverted by Defendant's affidavits, and all conflicts in the evidence must be resolved in Plaintiff's favor. *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). If Plaintiff's evidence constitutes a prima facie showing, this is adequate to support a finding of jurisdiction, "notwithstanding [a] contrary presentation by the moving party." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

Whether a federal court can exercise personal jurisdiction over a non-resident defendant turns on two independent considerations: whether an applicable state rule or statute permits service of process on the defendant, and whether the assertion of personal jurisdiction comports with constitutional due process principles. *See Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985). California's long-arm statute extends jurisdiction to the limits of constitutional due process. *See Gordy v. Daily News, L.P.*, 95 F.3d 829, 831 (9th Cir. 1996); Cal. Code. Civ. Proc. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States"). Consequently, when service of process has been effected under California law, the two prongs of the jurisdictional analysis collapse into one – whether the exercise of jurisdiction over the defendant comports with due process. *See Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperative*, 103 F.3d 888, 893 (9th Cir. 1996); *Aanestad v. Beech Aircraft Corp.*, 521 F.2d 1298, 1300 (9th Cir. 1974).

The Fourteenth Amendment's Due Process Clause permits courts to exercise personal jurisdiction over a defendant who has sufficient "minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). There are two recognized bases for personal jurisdiction over nonresident defendants: (1) "general jurisdiction," which arises where the defendant's activities in the forum state are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum have given rise to the claim in question. *See Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414–16 (1984); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050–51 (9th Cir. 1997).

### III.    DISCUSSION

#### A.    The Court does not have general jurisdiction over Defendant.

General jurisdiction allows a court to hear any and all claims against a defendant regardless of whether the claims relate to the defendant's contacts with the forum state. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) ("[A] finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities in the world."). For general jurisdiction to exist, a defendant's affiliations with the

forum state must be "so 'continuous and systematic' as to render [it] essentially at home in the forum[.]" *Daimler AG v. Bauman*, 571 U.S. 117, 138–39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  In the case of a corporation, "[t]he paradigmatic locations where general jurisdiction is appropriate . . . are its place of incorporation and its principal place of business." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (internal citation omitted).  "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

In this case, Plaintiff, in effect, concedes that the Court does not have general jurisdiction over Defendant.  *See* Opposition (Docket No.28) at 8 n.2 ("Based on the facts as it currently understands them, [Plaintiff] believes that the Court unlikely has general jurisdiction over Defendant.").  The Court agrees.  The Complaint is devoid of any allegations that suggest that Defendant's contacts with California "are so continuous and systematic as to render [it] essentially at home" in the state.  *Daimler*, 571 U.S. at 138–39 (internal quotation marks and citation omitted).  Indeed, Defendant is not incorporated in California and its principal place of business is not located in California.  Rather, Defendant is a Texas limited liability company, with its principal place of business in Houston, Texas.  In addition, Defendant does not own or operate any physical stores or buildings in California, has never been licensed or registered to conduct business in the State of California, has never employed anyone residing in the State of California, does not maintain any California-based bank accounts within the State of California, has never directed any advertisements to the State of California, and does not knowingly work with vendors residing or conducting business in California.  Docket No. 25-1, ¶¶ 8-9.  And, none of Defendant's sales through the <http://texasgunsandroses.com> website or in conjunction with the TEXAS GUNS AND ROSES Marks have been made to any residents or customers located in the State of California.  Docket No. 25-1, ¶ 7.  Accordingly, the Court concludes that Defendant is not subject to general jurisdiction in California.

> **B.    The Court does not have specific jurisdiction over Defendant.**

For a court to exercise specific jurisdiction, the plaintiff's suit must arise out of or relate to the defendant's contacts with the forum. *Bristol-Meyers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1778 (2017).  The Ninth Circuit applies a three-part test to determine whether a court has specific jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the plaintiff's claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017).  A plaintiff bears the burden of establishing the first two prongs. *Schwarzenegger*, 374 F.3d at 802.  If the plaintiff fails to satisfy either of the first two prongs, then personal jurisdiction over the defendant does not lie in

the forum state.  *Id.*  If the plaintiff succeeds on the first two prongs, then the defendant must present a compelling case as to why exercising jurisdiction would be unreasonable.  *Id.*

1. Purposeful Direction

The first prong of the specific jurisdiction test, although commonly referred to as the purposeful availment requirement, actually consists of two distinct concepts.  *Id*.  A plaintiff may satisfy this element by demonstrating that the defendant "has either (1) 'purposefully availed' [it]self of the privilege of conducting activities in the forum [state], or (2) 'purposefully directed' [its] activities toward the forum."  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).  The purposeful availment concept generally applies in contract cases, whereas the purposeful direction concept applies in tort cases.  *Axiom*, 874 F.3d at 1069; *see also Fiore v. Walden*, 688 F.3d 558, 576 (9th Cir. 2012), *rev'd on other grounds* by *Walden v. Fiore*, 571 U.S. 277 (2014).  Because Plaintiff alleges claims for trademark infringement against Defendant, the Court will apply the purposeful direction test.  *See, e.g., Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) ("Trademark infringement is treated as tort-like for personal jurisdiction purposes, and so we focus on purposeful direction here.").

To determine whether a defendant purposefully directed its tortious activity toward the forum state, a court must apply the "effects test" from *Calder v. Jones*, 465 U.S. 783 (1984).  *Id.* This test examines whether: (1) the defendant committed an intentional act; (2) the act was expressly aimed at the forum state; and (3) the act caused harm the defendant knew would likely be suffered in the forum state.  *See Axiom Foods*, 874 F. 3d at 1069.  "In applying this test, [the Court] must 'look [ ] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.'" *Picot v. Westen*, 780 F.3d 1206, 1214 (9th Cir. 2015) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).  "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290.  Rather, "an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State."  *Id.*

The Court concludes that Plaintiff has failed to make a prima facie showing that Defendant's acts were expressly aimed at the forum state, and thus the Court concludes that it lacks personal jurisdiction over Defendant. The Supreme Court has stated:

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

*Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.,* 480 U.S. 102, 112 (1987).  Importantly, "[o]perating a universally accessible website alone cannot satisfy the express aiming prong. *Spy Optic, Inc. v. AreaTrend, LLC*, 843 F. App'x 66, 68 (9th Cir. 2021) (citing *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th Cir. 2011)). "Instead, a plaintiff must also show

that the website 'directly target[ed] the forum.'" *Id.* (quoting *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020) (citation omitted). "A defendant directly targets a forum when its website 'appeals to, and profits from, an audience in [that] state.'" *Id.* (quoting *Mavrix Photo*, 647 F.3d at 1231).

In this case, Defendant does not direct any advertisements to the State of California and *none* of Defendant's sales through the <http://texasgunsandroses.com> website or in conjunction with the TEXAS GUNS AND ROSES Marks have been made to any residents or customers located in the State of California. Docket No. 25-1, ¶ 7. Nevertheless, Plaintiff claims that Defendant's acts were expressly aimed at the forum state because Defendant identifies certain firearms offered for sale on its Website as "California Compliant," and "California Legal" and as having a "Compmag Compliant Magazine." Under the circumstances of this case, the Court concludes that such conduct is insufficient to satisfy the express aiming requirement.

As pointed out by Defendant, federal regulations strictly limit a Texas-based store's ability to sell or offer for sale firearms to residents and customers in California. *See* 18 U.S.C. § 922, *et seq.* Thus, it is not entirely surprising that Defendant has not directed any advertisements to the State of California or that Defendant has not made a single sale through its Website to any residents or customers located in the State of California.

Furthermore, whether a product is "California Compliant" or "California legal" is simply a factual statement about the qualities of the product, and the Court concludes that such a statement does not, without more, indicate that Defendant had the intent or purpose to serve the California market. While the manufacturer may have designed these products with the California market in mind, these "California Compliant" or "California legal" products can also be purchased and used in Texas (or elsewhere). Defendant has merely included all relevant information regarding a particular firearm or other product within the product title or descriptions to assist a customer in making a purchasing decision. In fact, Defendant likely obtains and copies these titles and descriptions from the manufacturer, as evidenced by the use of identical language across multiple retailer websites. *See, e.g.,* Docket No. 31-2, p. 30 ("After much demand Kalashnikov USA would like to introduce a 9mm semi-automatic rifle the KALI 9 for all of our customers in California."); Highlander Armory, https://shop.highlanderarmory.com/rifles/semi-automatic-rifles/kalashnikov-usa-kali9-kali-9-ca-compliant-9mm-luger-1633-101-black-black-california-paddle-grip (last visited June 5, 2023) (using *identical* product title and description). In any event, Defendant's Website does not display this information to customers in a particularly conspicuous matter, and there are no such statements (e.g., that any products are "California Compliant" or "Compmag Compliant") on the home page of Defendant's website. There is also no evidence that Defendant advertises these forum-specific features in print or television advertising or elsewhere.

Accordingly, the Court concludes that Plaintiff has failed to establish the "express aiming" requirement of *Calder*, and thus has failed to establish a prima facie case for jurisdiction over Defendant.

        2.      <u>Reasonableness of Exercising Jurisdiction</u>

Even if Plaintiff had been able to establish a prima facie case for jurisdiction over Defendant, the burden would then shift to Defendant to present a compelling case as to why exercising jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802. In determining whether

jurisdiction is reasonable, courts consider seven factors: (1) the extent of a defendant's purposeful interjection into the forum; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  See *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011) (internal citation omitted).  "No one factor is dispositive; a court must balance all seven." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir.1998).

In this case, the Court finds that it would be unreasonable to exercise jurisdiction over Defendant.  The Court concludes that Defendant could not have reasonably anticipated that it would be required to defend this action in California.  Other than identifying certain products on its website as "California Compliant" or "California legal," Defendant has no contacts with the State of California.  In addition, it would be extremely burdensome to require Defendant to defend this action in California given that all of its employees, including those with knowledge of the facts relevant to this action, are located in Houston, Texas and would have to travel to California.

Regardless of whether this case is adjudicated in California or another state, there is minimal concern about conflicts with states' sovereignty because the majority of Plaintiff's claims are based on federal law and this Court is confident any federal court that is tasked with adjudicating Plaintiff's California state law claims will be able to fairly and correctly apply California law to those claims.  There is also no indication that this matter could be more efficiently resolved in California, and Texas appears to offer an appropriate alternative forum.  Although Plaintiff may have an interest in litigating this action in California because it is more convenient, the Ninth Circuit has held that "the plaintiff's convenience is not of paramount importance" to the reasonableness inquiry.  *Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1116 (9th Cir. 2002).

After carefully balancing all of the reasonableness factors, the Court finds that those factors weigh heavily in favor of Defendant.  Therefore, the Court concludes that it would be unreasonable to exercise personal jurisdiction over Defendant.

Accordingly, the Court concludes that it does not have personal jurisdiction over Defendant.

### C. Jurisdictional Discovery

The decision whether to grant jurisdictional discovery is typically within the discretion of the district court.  *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).  "[W]here pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed."  *Am. West Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989).  However, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery."  *Caddy*, 453 F.3d at 1160 (quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)).  Although Plaintiff requests the opportunity to conduct jurisdictional discovery, Plaintiff has offered nothing but mere speculation how that discovery would assist in developing facts that would allow the Court to exercise personal jurisdiction over Defendant.  Accordingly, the Court declines to grant jurisdictional discovery or leave to amend.

**IV.     CONCLUSION**

      For all the foregoing reasons, Defendant's Motion is **GRANTED**.  Plaintiff's Complaint is **DISMISSED without leave to amend**, and this action is **DISMISSED without prejudice**. Plaintiff's request to take jurisdictional discovery is **DENIED**.

      IT IS SO ORDERED.